IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION NOS. 18-CV-4776 |
| GERALD EDWARDS, | : | 18-CV-4777 |
| Plaintiff. | : | |

**MEMORANDUM**

**PRATTER, J.**                                                                                       NOVEMBER 20, 2018

Plaintiff Gerald Edwards filed two *pro se* Complaints raising claims related to code violations in Bucks County and his arrest or arrests. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaints without prejudice to amendment.

**I.    FACTS[1]**

Mr. Edwards' Complaints are difficult to understand because of the manner in which they are pled. The Complaints appear to relate to code violations with which Mr. Edwards and a company, Wild River Enterprises LLC, were charged in Bucks County. Dockets attached to both Complaints refer to three cases: *Commonwealth v. Wild River Enterprises*, Docket No. MJ-07107-NT-0000104-2012; *Commonwealth v. Wild River Enterprises LLC*, Docket No. MJ-07107-NT-0000107-2012; and *Commonwealth v. Edwards*, Docket No. MJ-07107-NT-0000430-2017. Mr. Edwards' relationship to Wild River Enterprises LLC is not clear, but it appears Bucks County has charged him with responsibility for the company's fines.

**A.  Civil Action Number 18-4776**

Mr. Edwards' first Complaint, which was docketed as Civil Action Number 18-4776, names as a Defendant Sandra Morgan, who is identified in the caption as a Code Enforcement

---

[1] The following facts are taken from Mr. Edwards' Complaints and public dockets.

1

Officer. It appears that Mr. Edwards' claims are based on a 2012 code violation against Wild River Enterprises LLC for storing a non-operating vehicle in a prohibited manner. A copy of the docket for that proceeding, which is attached to Mr. Edwards' Complaint, reflects that the citation issued on April 10, 2012, and that Wild River Enterprises LLC was found guilty on August 22, 2012. (Civ. A. No. 18-4776 Compl. at 10-12 (copy of docket for *Commonwealth v. Wild River Enterprises LLC*, Docket No. MJ-07107-NT-0000104-2012).)[2] It appears the company was subjected to a fine and that, as of April 2018, payments on that fine, or similar fines, remained outstanding. Mr. Edwards also attached to his Complaint a notice of impending bench warrant for Wild River Enterprises LLC dated April 17, 2018, reflecting a balance of $1,115.50 owed in fines and other charges.

On September 13, 2017, Mr. Edwards was charged in Bucks County for failure to keep property in a clean and sanitary condition. *See Commonwealth v. Edwards*, MJ-070107-NT-0000430-2017. Sandra Morgan is named on the docket as the arresting office in that case. It appears that Mr. Edwards was incarcerated for a period of four (4) days in connection with the offense. The public docket also reflects that Mr. Edwards was found guilty of the charge on April 4, 2018. Mr. Edwards attached to his Complaint a copy of the April 4, 2018 order sentencing him to pay fines and costs in the amount of $1,349.52. Public dockets reflect that Mr. Edwards filed a summary appeal and that he was found guilty of several code violations on June 8, 2018. *See Commonwealth v. Edwards*, CP-09-SA-0000219-2018. Mr. Edwards appealed that decision and his appeal remains pending.

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

Mr. Edwards states in his Complaint that his claims in Civil Action Number 18-4776 are based on those state court proceedings—which he suggests are "false claims." However, he also provides the following factual recitation as the basis for his claims:

> Over the past few years they have been trying to do the same thing. They on the 22 Oct. 2018 I stop at the drive way at 1659 Ramble Rd [the address Mr. Edwards provided on the docket] because I could go down drive way because there was a police car and code enforcement officer Sandra Morgan of Middletown Township was looking in the mail box and along [with] police officer going [through] the mail in the box. Then they seen me and pulled [their] cars a little farther away and stop them I [went] down the drive way. But they jump out of cars and started after me and [were] trying to stop me. They were [waving] [their] arms & fingers at me and yelling. I keep going down the gate and stop on the inside of gate to close it. I hurried to close it because the last time they caught me at the gate and push me aside while hitting me in the chest [with] the gate. The next day I found a [piece] of mail on the ground.

(Civ. A. No. 17-4776 Compl. at 5.)

Mr. Edwards identifies 18 U.S.C. § 1708, a federal statute criminalizing the theft or receipt of stolen mail, as the basis for his claims. He attached a copy of that statute, as well as a copy of 18 U.S.C. § 1503, which criminalizes obstruction of justice, to his Complaint. Mr. Edwards also alleges that his constitutional and civil rights were violated. He does not specify what relief he seeks from the Court.

**B. Civil Action Number 18-4777**

Mr. Edwards' second Complaint, docketed as Civil Action Number 18-4777, names as Defendants "McDermott" and Jim McMeeking, both of whom are identified as Constables. Mr. Edwards cites 18 U.S.C. § 1201, a federal statute criminalizing kidnapping, a copy of which is attached to the Complaint, as the basis for his claims. The Complaint in Civil Action Number 18-4777 suggests that the events giving rise to Mr. Edwards' claims occurred in 2012 and states as the basis for his claims "constable notice." (Civ. A. No. 18-4777 Compl. at 6.) Mr. Edwards also provides the following factual recitation as the basis for his claims:

3

> They keep coming here or in the surrounding areas and arresting me and then to jail. I never seen [an] arrest warrant. I have nothing to do with these charges. I put court docket entries and things attached.

(*Id.*)

Mr. Edwards attached to his Complaint in Civil Action Number 18-4777 some of the same dockets and notices attached to his Complaint in Civil Action Number 18-4776. First, Mr. Edwards attached to his Complaint the docket reflecting that Wild River Enterprises LLC was found guilty in 2012 for storing a non-operating vehicle in a prohibited manner. (*Id.* at 9-11 (copy of docket for *Commonwealth v. Wild River Enterprises LLC*, Docket No. MJ-07107-NT-0000104-2012).) Second, Mr. Edwards attached to his Complaint a copy of the April 4, 2018 order sentencing him to pay fines and costs in the amount of $1,349.52 in connection with his conviction for failing to keep property in a clean and sanitary condition. (*Id.* at 12 (copy of docket for *Commonwealth v. Edwards*, Docket No. MJ-07107-NT-0000430-2017).) Third, Mr. Edwards attached to his Complaint the notice of impending bench warrant for Wild River Enterprises LLC dated April 17, 2018 regarding $1,115.50 owed as a result of having been found guilty of improper storage of a non-operating vehicle. (*Id.* at 13 (noting a docket number of MJ-07107-NT-0000107-2012).)

Mr. Edwards also attached to his Complaint two final notices that a warrant had been issued for his arrest. (*Id.* at 14 & 18.) Both notices refer to Constable McMeeking and Constable McDermott. The first notice directs "Wild River Edwards" to report "now" on May 29, 2012 in connection with case number NT-107-12. (*Id.* at 14.) The second notice directs Gerald Edwards to report "today" and "now" in connection with case number NT-0236-2018. (*Id.* at 18.) It is not clear when that notice was issued, but it pertains to a new citation filed against Mr. Edwards on September 6, 2018 for failure to remove lawn equipment from home

4

property. *See Commonwealth v. Edwards*, Docket No. MJ-07107-NT-0000236-2018. It appears that Mr. Edwards may have named Constable McMeeking and Constable McDermott as Defendants based solely on the fact that they are named on these notices.

As in Civil Action Number 18-4776, Mr. Edwards asserts that his constitutional and civil rights have been violated. He does not specify what relief he seeks from the Court in this civil action.

## II.     STANDARD OF REVIEW

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* in these cases, because it appears that he is not capable of paying the fees to commence the actions. Accordingly, the Court is required to screen Mr. Edwards' Complaints under 28 U.S.C. § 1915(e)(2)(B). That provision requires the Court to dismiss the Complaints if they fail to state a claim, among other things. *See* § 1915(e)(2)(B)(ii). To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Because Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused,

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

**III. DISCUSSION**

**A. Failure to Comply With Rule 8**

Mr. Edwards' Complaints do not comply with Federal Rule of Civil Procedure 8 because it is not clear what facts or events his claims are based on, or what relief he seeks. In both Complaints, Mr. Edwards refers to the code violations with which he and Wild River Enterprises were charged, but his factual averments do not clearly tie the Defendants or his claims to those proceedings. It is not clear whether Mr. Edwards is bringing claims based on events that occurred in 2012, whether he is challenging the code violations themselves, or whether he is bringing claims based on more recent events.

It is also not clear what constitutional violations Mr. Edwards claims to have suffered. Due to the confusing manner in which Mr. Edwards has presented his claims, the Court does not perceive the basis for those claims without speculation, and the Defendants could not be expected to meaningfully respond to the pleadings. Accordingly, the Complaints do not comply with Rule 8. *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1).").

**B. Failure to State a Claim**

In consideration of the fact that Mr. Edwards is proceeding *pro se*, the Court has labored

to understand the basis for his claims and to be indulgent of some possible defects in those claims. Accordingly, the Court has liberally construed the Complaints as raising claims under various federal criminal statutes as well as constitutional claims under 42 U.S.C. § 1983.

### 1. Claims Based on Criminal Statutes

It appears that Mr. Edwards intends to bring claims under federal criminal statutes. However, the criminal statutes cited by Mr. Edwards—18 U.S.C. §§ 1201, 1503 and 1708—do not provide a basis for civil liability. *See Safarini v. Ashcroft*, 285 F. Supp. 3d 407, 416 (D.D.C. 2018) (explaining that 18 U.S.C. § 1201 does not provide a private right of action); *Manning v. Haggerty*, No. 3:11CV302, 2011 WL 4527818, at *4 (M.D. Pa. Sept. 28, 2011) ("The statutes plaintiff premises her claims on [which include 18 U.S.C. § 1708] are expressed as prohibitions and do not provide a personal entitlement."); *Joynes v. Meconi*, No. CIV.A. 05-332 GMS, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006) (dismissing claims "for violations of criminal statutes" including 18 U.S.C. § 1503). Furthermore, if Mr. Edwards is seeking federal prosecution of the Defendants for alleged criminal violaitons, his claims are without merit. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). The Court therefore dismisses any claims based on federal criminal statutes.

### 2. Claims Under 42 U.S.C. § 1983

Mr. Edwards' § 1983 claims are difficult to discern. It appears he is challenging past or

7

recent arrests and/or the code violations themselves, but the specifics are unclear. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. To state a claim for false imprisonment, a plaintiff must establish that he was unlawfully detained, which, in the context of an arrest, generally depends on whether the detention was supported by probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). A plaintiff alleging malicious prosecution—to the extent relevant here—must establish that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

Although Mr. Edwards seems to suggest that he was falsely arrested and falsely imprisoned, he does not provide sufficient factual allegations to support a plausible constitutional violation. It is not clear when he was arrested, the circumstances related to his arrest (or arrests) including what he was arrested for, and why he believes probable cause was lacking for his arrest (or arrests) and any related imprisonment. Accordingly, Mr. Edwards has not adequately pled a Fourth Amendment violation. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and

imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). It is also not clear whether Mr. Edwards is challenging any or all of the state court proceedings and, if so, on what basis.[3] A conclusory allegation of "false charges" is not a sufficient basis to sustain a constitutional claim.

Additionally, some of Mr. Edwards' claims may be time-barred. Pennsylvania's two-year statute of limitations period applies to Mr. Edwards' § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained

---

[3] As noted above, in June of 2018 Mr. Edwards was found guilty of various code violations with which he was cited in September of 2017. *See Commonwealth v. Edwards*, CP-09-SA-0000219-2018. Wild River Enterprises LLC was also found guilty of the code violations with which it was charged in 2012, although it is unclear whether and to what extent Mr. Edwards was involved with those proceedings.

There is a principle in § 1983 jurisprudence that, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This Court and other courts have extended that principle to constitutional challenges to convictions under local ordinances, even when the ordinances are civil in character. *See Thomas v. Bushkill Twp.*, No. CIV.A. 11-7578, 2014 WL 958799, at *4 (E.D. Pa. Mar. 12, 2014) (concluding that *Heck* barred plaintiff's claims "that he was denied due process when he was criminally prosecuted in 2012 for violating the Bushkill Township noise ordinance"); *Shahid v. Borough of Eddystone*, No. CIV.A. 11-2501, 2012 WL 1858954, at *4 (E.D. Pa. May 22, 2012), *aff'd on other grounds,* 503 F. App'x 184 (3d Cir. 2012) ("Regardless of whether the offense is technically classified as civil or criminal, a § 1983 judgment undermining the validity of the conviction would imply that the state's criminal process produced an erroneous outcome.") (collecting cases). The Court will not decide at this point whether *Heck* applies to any of Mr. Edwards' claims because the factual basis underlying his claims is too unclear.

pursuant to legal process." *Wallace*, 549 U.S. at 397. Otherwise, the limitations period begins to run at the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012). If Mr. Edwards is challenging arrests or other conduct that took place in 2012, he filed his Complaints long after those statute of limitations expired on those claims. However, due to the confusing nature of Mr. Edwards' allegations, as discussed above, it is difficult for the Court to determine whether and to what extent Mr. Edwards' claims are time-barred.

## IV. CONCLUSION

The Court dismisses Mr. Edwards' Complaints for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim for the foregoing reasons. However, the Court will give Mr. Edwards an opportunity to amend his claims in accordance with the Court's Order, which follows this Memorandum, in the event he can clarify promptly a factual basis upon which to proceed.

**BY THE COURT:**

**S/ Gene E. K. Pratter**
**GENE E.K. PRATTER, J.**